UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GEORGE RISHER, DARWIN GONZALEZ,
ANTHONY WANZER, KAREEM MCCRAY,
ZAQUAN RISHER, LAMAR BUTLER, and
ELLEN BROOKS                                                         FIRST AMENDED
                                                                                  COMPLAINT
                                                                                  INDEX NO.:   1:18-cv-3020

                                               Plaintiffs,

      -against-

                                                                PLAINTIFFS DEMAND TRIAL
                                                                 BY JURY
THE CITY OF NEW YORK; P.O. WALTER
MARIN, CAPTAIN TIMOTHY SKRETCH,
AND JOHN AND JANE DOE NEW YORK CITY
POLICE OFFICERS 1-10,

                                              Defendants.
-------------------------------------------------------------X

George Risher, Darwin Gonzalez, Anthony Wanzer, Kareem McCray, Zaquan Risher, Lamar Butler and Ellen Brooks (hereinafter "plaintiffs" unless otherwise specified), by their attorney, Harold C. Baker, Esq., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

**PRELIMINARY STATEMENT**

      1.     This is an action for monetary damages (compensatory and punitive) against The City of New York, (hereinafter "City of New York"), P.O. Walter Marin, Captain Timothy Skretch and John and Jane Doe New York City Police Officers 1-10, whose identities are presently unknown, hereinafter "police officer defendants;" who are police officers and employees of the New York City Police Department, (hereinafter "the NYPD"), and/or supervisors who participated

1

in the wrongful seizure, assault, arrest, strip search and detention of plaintiffs, arising out of the false arrest, assault, battery, filing of false reports regarding, and false imprisonment of plaintiffs and arising out of the defendants' failure to intervene and prevent the wrongful assault, seizure, search and arrest of plaintiffs.

2. It is alleged that on February 24, 2017 at approximately 8:00 p.m., the police officer defendants, employees of the City of New York, individually and as supervisory employee(s) of the NYPD, and as agents, servants and/or employees of the NYPD, acting in concert, under color of state laws, intentionally and willfully subjected plaintiffs to, inter alia, wrongful and unlawful entry into 456 Dekalb Avenue, Apartment 8C, Brooklyn, NY 11205, wrongful and false arrest, false imprisonment, detention, assault, strip search, battery, and the filing of false reports against plaintiffs for acts of which plaintiffs were innocent and the failure to intervene and stop the wrongful and false assault, search, arrest, and imprisonment of plaintiffs and the subsequent false, wrongful, fraudulent and malicious prosecution of plaintiffs. Defendants acts caused plaintiffs to suffer physical and emotional injuries. Plaintiffs were given summons for Criminal Possession of Marijuana by defendant P.O. Marin and released from a police precinct at approximately 2:00 am on February 25 2017. Thereafter, plaintiffs were forced to consult with and hire counsel to represent them with respect to false and fraudulent summons and forced to appear in Court on the summons return date.

## **THE PARTIES**

3. At all times hereinafter mentioned, plaintiffs, with the exception of Kareem McCray and Zaquan Risher; were and still are residents of the County of Kings, in the City and State of New York. Plaintiff George Risher resides at 46 Edwards Street, Apt. 5F, Brooklyn, NY 11205. Darwin Gonzalez resides at 456 Dekalb Avenue, Apt. 7F, Brooklyn, NY 11205. Anthony Wanzer

resides at 456 Dekalb Avenue, Apt. 8C, Brooklyn, NY 11205.  Lamar Butler resides at 45 Lott Avenue, Apt. 4D, Brooklyn, NY 11212.   Ellen Brooks resides at 446 Dekalb Avenue, Apt. 8C, Brooklyn, NY 11201.  Kareem McCray resides at 302 York Avenue, Staten Island, NY 10301.  Zaquan Risher resides at 1650 Topping Avenue, Apt. 4E, Bronx NY 10457.   At all times relevant and material herein, the defendant City of New York was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. At all times relevant and material herein, P.O. Marin, Captain Skretch and John and Jane Doe Police Officers 1-10 were employees of the New York City Police Department of the City of New York.

5. At all times relevant and material herein, the police officer defendants were personnel of the NYPD and of defendant City of New York.

## JURSIDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of The United States.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.SC. § 1983.  Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367.

8. Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City of New York is subject to personal jurisdiction in this district.

## **NOTICE OF CLAIM**

9. Within 90 days following the unlawful arrest of plaintiffs arising from this incident, plaintiffs filed written Notices of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

10. With regard to plaintiff George Risher, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on March 6, 2017. A hearing pursuant to GML 50-H was conducted on March June 17, 2017.

11. With regard to plaintiff Darwin Gonzalez, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on March 6, 2017. A hearing pursuant to GML 50-H was conducted on June 7, 2017.

12. With regard to plaintiff Anthony Wanzer, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on March 6, 2017. A hearing pursuant to GML 50-H was conducted on March June 7, 2017.

13. With regard to plaintiff Kareem McCray, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on March 6, 2017. A hearing pursuant to GML 50-H was conducted on March June 7, 2017.

14. With regard to plaintiff Zaquan Risher, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims

against the City of New York and the defendant police officers was filed on March 6, 2017. A hearing pursuant to GML 50-H was conducted on March June 7, 2017.

15. With regard to plaintiff Lamar Butler, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on March 6, 2017. A hearing pursuant to GML 50-H was conducted on March June 7, 2017.

16. With regard to plaintiff Ellen Brooks, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on May 8, 2017. A hearing pursuant to GML 50-H was conducted on March September 1, 2017.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS**

17. Defendant City of New York was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

18. At all times relevant and material herein, the defendant City of New York operated, maintained, managed, supervised and controlled a police department, known as the NYPD, as part of and in conjunction with its municipal functions.

19. The NYPD was at all times relevant hereto, a subdivision, department or agency of defendant City of New York.

20. P.O. Marin, Captain Skretch and other police officer defendants were, at all times relevant hereto, employees of the NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of the NYPD, acting in the course and scope

5

of their employment as such and in furtherance of the interests and business of their said employer.

21. Upon information and belief, the police officer defendants were graduates of the Police Academy of the City of New York.

22. At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the police officer defendants, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

23. In addition, at all times relevant hereto, defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, the police officer defendants in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

24. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant and the State of New York.

25. At all times mentioned herein, the defendants' acts constituted state action.

26. On February 24, 2017, the police officer defendants, and other officers of the NYPD were on duty and/or acting as employees, agents or servants of defendant City of New York, and were also present at the same time and in the same place as plaintiff.

27. At approximately 6:30 a.m., on February24, 2017 the police officer defendants, members of the NYPD, forcibly entered 456 Dekalb Avenue, Apartment 8C, Brooklyn, NY

11205, the residence of Plaintiffs Wanzer and Brooks, screamed and cursed at plaintiffs, pointed firearms at plaintiffs, threatened plaintiffs, forced plaintiffs at gunpoint to lie on the floor of the apartment, assaulted plaintiffs by illegally strip searching plaintiffs, and illegally searching the apartment by ransacking it, handcuffing plaintiffs, holding plaintiffs in stress positions, interrogating plaintiffs, threatening plaintiffs, attempting to coerce plaintiffs into becoming informants and in so doing caused physical, mental and emotional injury to plaintiffs and damaged personal belongings of plaintiffs.

28. At the time of the illegal forcible entry into 456 Dekalb Avenue, Apt. 8C, Brooklyn, NY 11205 by the defendants, plaintiffs were not engaged in any criminal behavior.

29. After holding plaintiffs in handcuffs in a stress positions for a period of time and ransacking the apartment, the defendant police officers forcibly transported plaintiffs to a police precinct where plaintiffs were strip searched again, fingerprinted, photographed, and placed in cells and held against their will for hours.

30. Defendant P.O. Marin Captain Skretch and other police officers and their supervisors issued false and fraudulent summons' charging plaintiffs with Criminal Possession of Marijuana which contained false and malicious allegations. Thereafter plaintiffs were forced to consult an attorney. When plaintiffs appeared on the summons return date with retained counsel, the court clerk informed them that there were no cases pending because the officers involved never filed the summonses with the court.

31. All of the above actions were committed by the defendants against plaintiffs despite the fact that plaintiffs had committed no crime and without just, reasonable, lawful or proper cause to seize, arrest, search, detain and prosecute plaintiffs.

32. At no time herein did any plaintiff ever act in an unlawful or disorderly fashion. At no time did plaintiffs act in any way, fashion or manner which justified the use of force in pointing firearms at plaintiffs, forcing plaintiffs to the floor of the apartment, holding plaintiffs at gunpoint, strip searching plaintiffs and thereafter handcuffing, arresting, jailing and maliciously prosecuting plaintiffs.

33. Plaintiffs suffered bruising and swelling to their bodies and knees, soreness and redness to their wrists, severe emotional and physical trauma and humiliation as a result of the unjustified assault on them, strip search, unlawful detention and malicious prosecution. Plaintiffs will be required to receive medical treatment and psychological support for their trauma. This has caused each plaintiff to be damaged in the sum of Five Hundred Thousand Dollars ($500,000.00).

34. Upon information and belief, the police officer defendants, and other officers, employees of the NYPD, wrongfully and improperly entered 456 Dekalb Avenue, Apartment 8C, Brooklyn, NY 11205, stopped, detained and arrested plaintiffs in violation of the fourth amendment of the Constitution, when, in fact, plaintiffs had committed no crime.

35. Upon information and belief, the police officer defendants, and other officers, employees of the NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, searched, arrested and maliciously prosecuted plaintiffs when it was not right, just, lawful, proper, or necessary to do so.

36. On February 24, 2017, employees of the NYPD, including the police officer defendants, and other officers, and their supervisors, acting in concert, maliciously and with intent to injure plaintiffs, and without just cause or any right to do so, pointed fire arms at

plaintiffs, forced plaintiffs to lie on the floor of the location, handcuffed plaintiffs, strip searched plaintiffs, forced plaintiffs into stress positions, forcibly removed plaintiffs from the location, transported them in handcuffs to a police precinct, and jailed and detained them there and restrained them of their liberty, against the will of the plaintiffs and thereafter instituted a malicious prosecution of plaintiffs.

37. The arrest of plaintiffs by the individual police officer defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

38. Defendants acted maliciously and intentionally.

39. Plaintiffs were thereupon and thereafter detained and restrained of their liberty and freedom, without their consent, on account of the unlawful and wrongful acts of the defendants, and were confined in various facilities of the NYPD, and defendant City of New York, including a police precinct.

40. At the time of their unlawful seizure, plaintiffs were lawfully in Plaintiffs' Wanzer and Brooks' home, not violating any laws, nor committing any crime.

41. The arrest charges against plaintiff were disposed of, in their favor, as the summonses issued by the defendants were never filed.

42. As a direct and proximate result of the acts of the defendants, plaintiffs suffered severe and permanent damages including, but not limited to:

> Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;
>
> Physical injury, embarrassment, humiliation, loss of liberty, loss of income, loss of employment, emotional distress and mental anguish.

43. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

9

Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

44. Plaintiffs re-alleges paragraphs 1 through 40 and they are incorporated herein by reference hereinafter.

45. Defendants, acting in concert and under the color of state law, deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985.

46. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## SECOND COUNT
### (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

47. Plaintiffs repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

48. Upon approaching plaintiffs, forcing them at gunpoint to lie on the floor, handcuffing, searching and arresting plaintiffs, the police officer defendants, acting in concert, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching by, among other things, forcing plaintiffs to the ground at gun point and forcing plaintiffs to remain in uncomfortable stress positions.

49. The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

50. The said assault and battery caused plaintiffs' personal injury and damage, both physical and mental; and severe emotional distress and illness.

51. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## THIRD COUNT
### (PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT UNDER COLOR OF STATE LAW)

52. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

53. The defendants arrested, detained and imprisoned plaintiffs without warrant or probable cause, even though they knew or should have known that plaintiffs were wholly innocent of any crime then and there alleged against them, and thus violated plaintiff's' Constitutional rights.

54. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## FOURTH COUNT
### (COMMON LAW ASSAULT)

55. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

56. The defendants are liable for assault to plaintiffs.

57. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## FIFTH COUNT

### (COMMON LAW BATTERY)

58. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

59. The defendants are liable for battery to plaintiffs.

60. As a result thereof, plaintiffs claims damages for the injuries set forth above.

## SIXTH COUNT
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

61. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

62. The defendants are liable for false arrest and false imprisonment to plaintiffs.

63. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## SEVENTH COUNT
### (COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

64. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65. The defendants' conduct, in assaulting, battering and falsely seizing, detaining, searching, arresting and imprisoning plaintiff was outrageous, shocking and exceeded all reasonable bounds of decency.

66. The defendants are liable for intentional infliction of emotional distress to plaintiffs.

67. As a result thereof, plaintiffs claims damages for the injuries set forth above.

## EIGHTH COUNT
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

68. Plaintiff repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

69. The defendants' conduct, in assaulting, battering and falsely seizing, searching detaining, arresting and imprisoning plaintiffs was careless and negligent as to the emotional health of plaintiffs.

70. The defendants are liable for negligent infliction of emotional distress to plaintiffs.

71. As a result thereof, plaintiff claims damages for the injuries set forth above.

## NINTH COUNT
### (COMMON LAW NEGLIGENCE)

72. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

73. The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning plaintiffs.

74. Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

75. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## TENTH COUNT
### (FAILURE TO INTERVENE)

76. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

77. The defendants are liable to plaintiffs for failing to intervene and stop the wrongful and unlawful entry into; and search of, 456 Dekalb Avenue, Apartment 8C, Brooklyn, NY, 11205 and for failing to intervene and stop the wrongful and unlawful assault, battery, seizure, search, detention and arrest of plaintiffs.

78. Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

79. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## JURY DEMAND

80. Plaintiffs demands a trial by jury.

**WHEREFORE,** plaintiffs, demand judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action in the amount of Five Hundred Thousand ($500,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

DATED: Brooklyn, New York
January 23, 2019

                                        Yours,

HAROLD BAKER, ESQ. (hb2179  )

By: _____**/S/**_____
Harold C. Baker, Esq.,
Attorney for Plaintiffs George Risher, Darwin Gonzalez, Anthony Wanzer, Kareem McCray, Zaquan Risher, Lamar Butler and Ellen Brooks
32 Court Street, Suite 408
Brooklyn, New York
(718) 858-7927